IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DEC 21 2017

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 17-MJ-611 |
| JULIAN PAUL ASSANGE, | **Filed Under Seal** |
| Defendant. | |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT AND
SUPPORTING DOCUMENTS PURSUANT TO LOCAL RULE 49(B)**

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, respectfully requests an Order To Seal the criminal complaint, the supporting affidavit, arrest warrant, and this Motion to Seal and proposed Order until the defendant is arrested and extradited to the United States.

**I.     Reasons for Sealing (*See* Local Rule 49(B)(1))**

1.     The government is currently investigating WikiLeaks founder Julian Assange, ███
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

2.     As described in the affidavit supporting the criminal complaint, the United States has charged Mr. Assange with conspiracy to commit computer intrusions in violation of 18 U.S.C. §§ 371 and 1030.

3. Premature disclosure of the specific details of this ongoing investigation would jeopardize the investigation, including by aiding Assange in his attempt to flee from or otherwise avoid prosecution in the United States. In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in the affidavit necessarily contain sensitive law enforcement information about an ongoing investigation. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

4. Specifically, since 2012, Mr. Assange has been living in the Ecuadorian embassy in London. Assange originally fled to the Ecuadorian embassy in order to avoid extradition to Sweden where he was wanted in connection with sexual assault charges.

5. Assange's decision to flee to the Ecuadorian embassy and to live there for five years appears to have also been motivated by a desire to avoid a potential extradition to the United States. Indeed, Assange has remained in the embassy even after Sweden announced on May 19, 2017 that it was dropping its charges against him. In a public statement after that decision was announced, Assange stated that "the road is far from over, the war, the proper war, is just commencing," apparently referring to the fact that the United Kingdom may arrest him for violating the conditions of his bail and that the United States may seek his arrest and extradition.

6. Although the government has confirmed that Mr. Assange or WikiLeaks is under investigation, the government has never provided the specific details of that ongoing investigation, nor stated whether Mr. Assange has been charged or which of his affiliates may also be under investigation. Mr. Assange has shown a desire to avoid answering any charges in the United States and has relations with countries that may be willing to assist him in avoiding prosecution in the United States. Any further information upon the status of this investigation,

such as the information contained in the affidavit in support of the proposed criminal complaint, may assist Assange in continuing to avoid arrest by the United States or its allies. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 294 (4th Cir. 2013) (rejecting the argument that the government's confirmation of an ongoing investigation into WikiLeaks justifies disclosure of documents containing nonpublic facts regarding that ongoing investigation).

7. The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

## II. The Governing Law (*See* Local Rule 49(B)(2))

8. It is generally recognized that the public has a common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as criminal complaints. *See In re Application*, 707 F.3d at 292; *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). To substantively overcome the common law presumption of access, a court must find that there is a "significant countervailing interest" in support of sealing that outweighs the public's interest in openness. *In re Application*, 707 F.3d at 293, citing *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

9. Before a court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

10. The "notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution" of the legal process in question. *Media Gen. Operations*, 417 F.3d at 429 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)).

11. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal."). The government's interest in sealing may be supported by a desire to maintain the secrecy of the investigation, preventing potential subjects from being tipped off, or altering behavior to thwart the government's ongoing investigation. *In re Application*, 707 F.3d at 293.

III. **Period of Time the United States Seeks to Have Matter Remain Under Seal (See Local Rule 49(B)(3))**

12. The complaint and supporting documents would need to remain sealed until the defendant is arrested and extradited, except that the United States may provide a copy of these documents, and information relating thereto, to such foreign and domestic law enforcement, judicial, and diplomatic personnel as necessary to secure the defendant's arrest and extradition.

13. Upon occurrence of the event specified in paragraph 12, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

14. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint, the supporting affidavit, and the arrest warrant, together with this Motion to Seal and proposed Order, be sealed until the defendant has been arrested and extradited, except that the United States may provide a copy of these documents to such foreign and domestic law enforcement, judicial, and diplomatic personnel as necessary to secure the defendant's arrest and extradition.

Date: December 31, 2017

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Kellen S. Dwyer
Assistant United States Attorney