IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| IN RE: APPLICATION OF | ) | |
| REPORTERS COMMITTEE FOR | ) | No 1:18mc37 |
| FREEDOM OF THE PRESS TO | ) | |
| UNSEAL CRIMINAL PROSECUTION | ) | No. 18cr111 |
| OF JULIAN ASSANGE | ) | |

Government's Response to Reporters Committee's Renewed Application

On April 17, 2019, Judge Hilton granted the motion of the United States to unseal the docket in Criminal Case 1:18cr111 - CMH, *United States v. Julian Paul Assange*, and specific filings therein. On April 18, 2019, the Reporters Committee for Freedom of the Press moved to unseal four of the items from that docket that remain under seal. Those four items are:

1. The entirety of the government's motion to seal filed on December 21, 2017 (Dkt. #5);

2. An arrest warrant issued on December 21, 2017 (Dkt. #7);

3. An arrest warrant issued on March 6, 2018 (Dkt. #14); and

4. A letter filed with the Clerk's Office ((Dkt. #15).

We address each item separately:

1. The Entirety of the Government's Motion to Seal,
    Filed on December 21, 2017 (Dkt. #5)

Docket item #5 is the Government's Motion to Seal the criminal complaint and supporting documents that was filed on December 21, 2017 (the "Sealing Motion"). Upon the filing of the government's motion to unseal the docket in the above captioned case, virtually all of the Sealing Motion was unsealed, by order of Judge Hilton, on April 17, 2019. Part of one paragraph of the Sealing Motion from December 21, 2017, remains under seal - - and that is the item that is at stake in the Reporters Committee's instant motion.

On December 21, 2017, United States Magistrate Judge Buchanan granted the government's motion to seal the criminal complaint issued against Assange, the supporting affidavit, and the warrant to arrest Assange, as well as the Order to seal those documents. On March 6, 2018, Assange was indicted in this district, in Case No. 1:18cr111-CMH. On April 11, 2019, Assange was arrested in London on that indictment, which became publicly available on that date.

On April 17, 2019, Judge Hilton granted the government's motion to unseal the following items from the docket for Case No. 1:18cr111-CMH:

Dkt. No.  6 – Order Granting Motion to Seal
Dkt. No. 12 – Motion to Seal by the United States
Dkt. No. 13 – Order Granting Motion to Seal
Dkt. No. 16 – Notice filed by the United States
Dkt. No. 17 – Motion to Unseal by the United States
Dkt. No. 18 – Order Granting Motion to Unseal
Dkt. No. 20 – Motion to Unseal by the United States

Judge Hilton further granted the government's motion to unseal redacted versions of the Redacted Criminal Case Cover Sheet filed on December 21, 2017 (Dkt. No. 4), and the Redacted Criminal Case Cover Sheet filed on March 6, 2018 (Dkt. No. 11).

Finally, Judge Hilton granted the government's motion to unseal all of the Sealing Motion filed on December 21, 2017 (Dkt. No.5), except for the excerpt that is at issue here today. Judge Hilton authorized the continued sealing of the excerpt that is at issue today on the grounds that it contained nonpublic information about an ongoing criminal investigation, and that premature disclosure of the information could jeopardize the investigation.

The Reporters Committee's motion must be denied in light of the conclusions reached by Judge Hilton in his sealing order. "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by

2

competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). In his Order, Judge Hilton found that sealing of the excerpt that is at issue today was necessary to protect an ongoing criminal investigation. A reading of the excerpt at issue confirms that his order was well within his discretion, and compels denial of the Reporters Committee's motion.

    2.    <u>An Arrest Warrant Issued on December 21, 2017 (Dkt. #7)</u>

Docket item #7 is an arrest warrant that was issued in connection with the issuance of a criminal complaint against Assange on December 21, 2017. Earlier this month, that criminal complaint was unsealed. The United States takes no position with respect to the unsealing of the arrest warrant. While sealing of the warrant is no longer necessary to prevent the defendant from learning about the existence of the warrant, unsealing the warrant may be inconsistent with a rule of the Judicial Conference.

According to the Judicial Conference policy (JCUS-MAR-08, pp. 7-8), found at https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files, unexecuted arrest warrants "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." The warrant issued on December 21, 2017, for the arrest of Julian Assange, has not been executed. Making the warrant available to the public, therefore, may be inconsistent with a policy of the Judicial Conference.

    3.    <u>An Arrest Warrant Issued on March 6, 2018 (Dkt. #14)</u>

Docket item #14 is an arrest warrant that was issued in connection with the indictment of Assange on March 6, 2018. Earlier this month, that indictment was unsealed. The United States takes no position with respect to the unsealing of the arrest warrant. Sealing of the warrant is not necessary to prevent the defendant from learning about the existence of the warrant, but - - as

noted above - - unsealing the warrant may be inconsistent with a policy of the Judicial Conference.

The warrant issued on March 6, 2018, for the arrest of Julian Assange has not been executed. Assange was arrested in the United Kingdom to face the charge in the indictment, but the warrant issued on March 6th for his arrest was not served on him. We understand that, instead, he was arrested on a warrant that the United Kingdom itself obtained, based on a request from the United States. We further understand that the United States provided United Kingdom authorities with the charging information and the fact of the existence of the March 6th warrant. Finally, we understand that a copy of the March 6th warrant was not provided to the United Kingdom authorities. Making the warrant available to the public, therefore, may be inconsistent with a policy of the Judicial Conference.

    4.    <u>A Letter Filed with the Clerk's Office (Dkt. #15)</u>

Docket item #15 is a letter filed with the Clerk's Office. The United States neither filed it nor moved to seal it, and we have no objection to it now being unsealed.

Pursuant to Fed. R. Crim. P. 49.1(a), a filing may not include certain personally identifiable information. Pursuant to Fed. R. Crim. P. 49.1(h), however, a person waives the protection of Rule 49.1(a) as to the person's own information by filing it without redaction, and not under seal. On its face, Docket item #15 appears to have been submitted to the Court by an individual who intended that it be filed without redaction and not under seal. Inasmuch as the author of the letter appears to have intended that it be filed without redaction and not under seal, that person appears to have waived the protection of Rule 49.1(a).

Pursuant to Fed. R. Crim. P. 49.1(d), the Court may order the person who made the filing to file a redacted version for the public record. In light of the apparent location of the author of

the letter, the most effective course likely would be, pursuant to Fed.R.Crim.P. 49.1(e), simply to order that the personally identifiable information be redacted from the letter. At that point, the United States will file a copy of the letter redacted to conform with Rule 49.1

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s                           
Gordon D. Kromberg
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

                                            /s  
                                            Gordon D. Kromberg  
                                            Assistant United States Attorney  
                                            Attorney for the United States of America  
                                            United States Attorney's Building  
                                            Justin W. Williams U.S. Attorney's Building  
                                            2100 Jamieson Avenue  
                                            Alexandria, Virginia  22314  
                                            Phone:  703-299-3700  
                                            Fax:  703-299-3981  
                                            Email Address: gordon.kromberg@@usdoj.gov